UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:14-CR-47 JD

ZAMALE DAVIS

# OPINION AND ORDER

The Government has moved the Court for an order that authorizes the Bureau of Prisons to turn over $1,243.31 in economic stimulus funds held in Defendant Zamale Davis's BOP-controlled inmate trust account for use in paying down Mr. Davis's outstanding restitution. (DE 53.) Mr. Davis, who was convicted of armed bank robbery and carrying a firearm during a federal crime of violence, is currently serving a 121-month term of imprisonment and has yet to pay $53,791.39 of the $53,800 in restitution this Court originally ordered him to pay. (DE 21.) Mr. Davis opposes the Government's motion to transfer the funds. (DE 55.)

A court order imposing restitution serves as a lien in favor of the Government on all of a defendant's property not exempted by 18 U.S.C. § 3613(a)(1). *See United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017) (holding a restitution order allows the Government to "step into the defendant's shoes" and acquire the defendant's rights to property). Payments into an inmate's trust account do not fall into an exempted category. *See* 18 U.S.C. § 3613(a)(1). Further, a motion for transfer of funds is proper, as opposed to a motion for garnishment, when the funds at issue are within the custody and control of the BOP, as they are in this case. *United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010).

The Government has asserted that transfer is specifically warranted here pursuant to both 18 U.S.C. § 3664(k) and 18 U.S.C. § 3664(n). (DE 53 at 1.) Section 3664(k) gives a court the

power to adjust the payment schedule or require immediate payment in full of a defendant's restitution if there has been a material change in a defendant's economic circumstances. 18 U.S.C. § 3664(k). Under § 3664(n), "if a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). The Seventh Circuit has interpreted § 3664(n) to mean that "an inmate who receives money from any source *must* apply it to restitution still owed." *United States v. White*, 745 F. App'x 646, 648 (7th Cir. 2018).

The Court finds both § 3664(k) and § 3664(n) apply here. Records that Mr. Davis provided as part of his response to the Government's motion show that his trust account had only a few dollars in it at the time he received the $1,400 economic stimulus payment in May. (DE 55-1 at 8.) The Court thus concludes that the influx of the stimulus funds represented a material change in Mr. Davis's economic circumstances pursuant to § 3664(k). Additionally, the Court finds that, pursuant to § 3664(n), the influx of funds also represented receipt of substantial resources while he was incarcerated that, under the subsection, must therefore be applied to his outstanding restitution obligations. *White*, 745 F. App'x at 648.

Mr. Davis's opposition to the Government's motion focuses squarely on whether the Court could find that § 3664(n) justifies the Government's requested transfer. (DE 55 at 1.) Although the Court recognizes that § 3664(k) represents an independent basis to grant the Government's motion, it proceeds to address Mr. Davis's arguments.

Mr. Davis raised three constitutional arguments in opposition to § 3664(n), none of which have merit. He first argued that because the subsection does not define the terms "receives" and "substantial resources," it is unconstitutionally vague. That argument falls short because the

statute simply presents some ambiguity that courts can and have easily interpreted into a clear standard. *See Kucharek v. Hanaway*, 902 F.2d 513, 519 (7th Cir. 1990) (holding that a statute that "contains one or several ambiguities that can be dispelled, at a stroke, by interpretation" are not unconstitutionally vague); *White*, 745 F. App'x at 468 (interpreting § 3664(n), including the receipt element, to broadly apply to money deposited into an inmate's BOP trust fund). Mr. Davis then argued that the subsection presented equal protection concerns because it singles out inmates for adverse treatment and due process concerns because it does not grant inmates appointed counsel. (DE 55 at 8–10.) Mr. Davis's equal protection argument is not convincing because inmates are not considered a suspect class. While they may share many traditional traits associated with other suspect classes, *see San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28 (1973), they do not qualify because the treatment they are subjected to is the result not of some inherent trait, but the precise, individualized application of otherwise neutral laws that serve a clear government purpose. *See Fuller v. Lane*, 686 F. Supp. 686, 689 (C.D. Ill. 1988). Mr. Davis's due process argument is similarly not convincing because the Supreme Court has clearly held that there is no constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court thus finds no constitutional reason that undermines an order for transfer of funds pursuant to § 3664(n).

Mr. Davis additionally raised two arguments unrelated to the Constitution. Those arguments similarly fall short. His first argument, that transferring the money would violate the American Rescue Plan Act, under which the funds were provided, is unconvincing because he cannot point to any portion of the Act that prohibits a transfer to pay restitution or places the funds in an exempted category under § 3613(a)(1). His second argument, that approving a transfer would put his rehabilitative efforts while incarcerated in jeopardy (*Id.* at 11–12), while

3

an understandable concern, does not negate § 3664(n)'s applicability to his situation. The Court thus concludes, despite Mr. Davis's arguments in opposition, that the Government's request to transfer the funds from Mr. Davis's trust account to pay for his restitution is proper pursuant to both § 3664(k) and § 3664(n).

For the foregoing reasons, the Court GRANTS the Government's motion (DE 53) and ORDERS the Bureau of Prisons to turn over the $1,243.31 in funds in Mr. Davis's inmate trust account to the Clerk of Court to apply to the restitution owed in this case. The Court further, in light of the above discussion, DENIES Mr. Davis's request for a stay pending appellate review as well as his request for appointment of counsel to aid in an appellate filing. (DE 55 at 10–11.)

SO ORDERED.

ENTERED: June 30, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court